**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Deposit Insurance Corporation, as Receiver for First National Bank of Nevada,<br><br>Plaintiff,<br><br>vs.<br><br>The Mortgage Firm, Inc., a Florida corporation dba Alternative Mortgage Solutions,<br><br>Defendant. | No. CV-08-2045-PHX-LOA<br><br>**ORDER** |

On the last day to complete discovery, January 8, 2010, Plaintiff Federal Deposit Insurance Corporation ("FDIC"), as Receiver for First National Bank of Nevada, filed a motion to extend the deadline for completion of discovery from January 8, 2010 to February 1, 2010. (docket # 21) Plaintiff explains that an extension is necessary due to "demands placed on FDIC's limited resources," including inadequate staffing, the "movement of oversight attorneys," and the relocation of files. (docket # 21) Defendant The Mortgage Firm (Mortgage Firm) opposes the proposed extension because the issues in support of FDIC's motion are not new. For the reasons set forth below, the Court will deny FDIC's motion to extend.

"Federal Rule of Civil Procedure 16 vests the district court with early control over cases 'toward a process of judicial management that embraces the entire pretrial phase,

especially motions and discovery.'" Fed. R. Civ. P. 16 advisory committee's note, 1983 Amendment; see Fed. R. Civ. P. 16(a) ("In any action, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences. . . ."). Rule 16 further recognizes the inherent power of the district court to enforce its pretrial orders through sanctions, Fed. R. Civ. P. 16(f), and the discretion of the trial judge to apply an appropriate level of supervision as dictated by the issues raised by each individual case. See, e.g., Fed. R. Civ. P. 16(c)(2); *In re Arizona*, 528 F.3d 652, 657 (9th Cir. 2009), *cert. denied*, --- S.Ct. ----, 2009 WL 1738654, (2009).

Counsel for Plaintiff and Defendant participated in the April 16, 2009 scheduling conference and had input in setting the deadlines incorporated in the Amended Scheduling Order. (docket # 20) At the conference, and in the Amended Scheduling Order, the Court stressed that all deadlines are real, firm and should be "taken seriously." (docket # 20 at 2) (citing *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994)). In fact, at the scheduling conference, the Court generously extended the discovery deadline from April 17, 2009 as agreed upon by the parties in their Report Regarding Rule 26(f) Planning Meeting, docket # 7 at 6, and as ordered on December 9, 2008 by the formerly assigned District Judge to January 8, 2010, nearly nine months later. While the Court is sympathetic to Plaintiff's staffing issues and the challenges created by the relocation of files, by Plaintiff's own admission, these issues are not new or unexpected yet FDIC waited until the discovery deadline to seek a discovery extension. (docket # 20) Moreover, there is no indication that Plaintiff's internal organizational issues are likely to change in the near future, thus, extending the discovery deadline serves no purpose. This lawsuit was removed to federal court on November 5, 2008, almost 15 months ago. Granting more time to engage in discovery, even if it would not alter the other Rule 16 deadlines, would be inconsistent with the Ninth Circuit's view that counsel and district courts must take these deadlines

"seriously," Rule 1,[1] FED.R.CIV.P., and this Magistrate Judge's responsibilities under the Civil Justice Reform Act of 1990, 28 U.S.C. §471 *et seq. Schwarzkopf Technologies Corp. v. Ingersoll Cutting Tool Co.*, 142 F.R.D. 420, 423 (D.Del. 1992) ("[f]ederal trial courts are now required, by statute, to implement techniques and strategies designed to dispose of cases in an efficient and inexpensive manner."). Plaintiff has had more than a fair opportunity to engage in meaningful discovery. Plaintiff has failed to demonstrate good cause for extending the discovery deadline.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Extension of Discovery Deadline, docket # 21, is **DENIED**.

Dated this 21st day of January, 2010.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge

---

[1] Federal Rule of Civil Procedure 1 mandates that Rule 16 and the other civil procedural rules "[s]hall be construed and administered to secure the just, *speedy, and inexpensive* determination of every action." Rule 1, FED.R.CIV.P. (emphasis added)